IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO:

| | |
|---|---|
| DEBORAH ERICKSON & MATTHEW ERICKSON, </br></br> Plaintiffs, </br></br> vs. </br></br> NORTHSTAR LOCATION SERVICES, LLC. </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) **COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Minnesota, personal jurisdiction is established.

4. Venue in the United States District Court is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiffs are natural persons residing in Brainerd, Minnesota.

6. Plaintiffs are allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a collection agency with its principal place of business in Cheektowaga, New York.

8. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiffs.

9. At all times relevant to this Complaint, Defendant has acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers in the District of Minnesota.

## FACTUAL ALLEGATIONS

10. In or around April of 2012, Defendant placed collection calls to Plaintiffs seeking and demanding payment for an alleged consumer debt.

11. Plaintiffs' alleged debt owed arises from transactions for personal, family, and household purposes.

12. Defendant called Plaintiffs' telephone numbers 218-828-17XX and 218-831-40XX.

13. On April 12, 2012, Defendant called Plaintiffs and left a voicemail message on Plaintiffs' answering machine. *See* transcribed voicemail message attached hereto as Exhibit A.

14. In the voicemail message, Defendant's representative, "Chris Jones" failed to meaningfully disclose the company's name. *See* Exhibit A.

15. In the voicemail message, Defendant's representative, "Chris Jones", directed Plaintiffs to call him back at 1-866-677-2569, extension 1789, which is a number

that belongs to Defendant.  *See* Exhibit A.

16. In April of 2012, Defendant called Plaintiffs and left a second voicemail message on Plaintiffs' answering machine.  *See* transcribed voicemail message attached hereto as Exhibit B.

17. In the voicemail message, Defendant's representative, "Chris Jones" failed to meaningfully disclose the company's name.  *See* Exhibit B.

18. In the voicemail message, Defendant's representative, "Chris Jones", directed Plaintiffs to call him back at 1-866-677-2569, extension 1789, which is a number that belongs to Defendant.  *See* Exhibit B.

19. In April or May of 2012, Defendant called Plaintiffs and left a third voicemail message on Plaintiffs' answering machine.  *See* transcribed voicemail message attached hereto as Exhibit C.

20. In the voicemail message, Defendant's representative, "Chris Jones" failed to meaningfully disclose the company's name.  *See* Exhibit C.

21. In the voicemail message, Defendant's representative, "Chris Jones", directed Plaintiffs to call him back at 1-866-677-2569, extension 1789, which is a number that belongs to Defendant.  *See* Exhibit C.

## COUNT ONE:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

14. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated *§1692d(6)* of the FDCPA when Defendant placed telephone calls without meaningful disclosure of the caller's identity.

-3-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for the following:

    a. Statutory damages pursuant to 15 U.S.C. § 1692k;
    b. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and
    c. Awarding such other and further relief as may be just, proper and equitable.

Dated: July 16, 2012          **KROHN & MOSS, LTD**

                                          By: s/ Lee Cassie Yates Clagett
                                              Lee Cassie Yates Clagett - # 352688
                                              2413 Ring Road
                                              Suite 117
                                              Elizabethtown, Kentucky 42701
                                              Tel: (270) 737-9088
                                              Fax: (270) 769-2905
                                              Email: lcclagett@ksclawfirm.com
                                              *Attorney for Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF <u>Minnesota</u>   )
                          ) ss.
COUNTY OF <u>Crow Wing</u> )

Plaintiffs, DEBORAH ERICKSON & MATTHEW ERICKSON,
having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
DEBORAH ERICKSON

_____
MATTHEW ERICKSON